Harris, J.,
delivered the opinion of the Court.
This was a detinue bill, filed by complainant to *253 enjoin defendant Arnold from selling a slave, Mary, which was levied upon by Bullen, the Sheriff of Greene county, by virtue of an execution in favor of Arnold and against Joseph Davis, the father of Elizabeth D. Davis. The bill charges that Joseph Davis had, previous to the decree and execution of Arnold against him, conveyed the slave Mary to Elizabeth D. Davis, and that she had conveyed to complainant. The answer of Arnold denies these charges; sets up that the whole arrangement was a mere fraudulent contriyance to hinder, delay and defraud the creditors of Joseph Davis in the collection of their debts, and denies complainant’s title to the slave, and insists that she is subject to the satisfaction of his execution,
Upon the hearing, the Chancellor declared the complainant’s title not so clear as to entitle him to relief, but ordered that the cause stand over until the succeeding term, that the complainant “ may institute a suit at law, to try the title of said slave in such manner as the same may be authorised by the forms of law.” And by the same decree it is further ordered, that if no suit is instituted pursuant to said decree, that the bill shall be dismissed. This decree was rendered at the May Term of the Chancery Court, 1848. On the 2nd day of November, 1848, an action of trespass vi et armis, was instituted in the Circuit Court of Greene county, against Bullen, the Sheriff, for levying upon said slave. This suit was brought within the time fixed by the decree. To the plaintiff’s declaration which is in the usual form, the defendant plead the general issue — not guilty — and issue was taken.
There was also the following- agreement: “And it *254 is agreed by the parties, that on the trial of the above cause, any special matter .may be given jn evidence by either party, in as full and ample a manner as if the same were formally and specially pleaded.
“And it is further agreed by the parties, that the Chancery record in the cause of Henry A. Farnsworth vs. Thomas D. Arnold and Betsy D. Davis, shall be read as evidence in this suit, and that no further, other or different proof shall he given in evidence hy either party. And it is agreed and admitted by the defendant in this suit, that the said defendant, (Lloyd Bullen,) did levy an execution upon the negro girl, Mary, mentioned in the pleadings, and took her out of the possession of the plaintiff,- and led her away on the 8th day of December, 1846, as the property of Joseph Davis.” This cause was continued from term to term, until February Term, 1850, when a verdict was obtained in favor of the plaintiff, which was set aside by the Court, and a new trial granted. At the June Term, 1850, there was another jury and a mistrial. At the October Term, 1850, there was another verdict in favor of the plaintiff, which was also set aside by the Court, and a new trial granted. At the June Term, 1851, there was another verdict for the plaintiff; motion for a new trial overruled, and an appeal to this Court, where the judgment of the Circuit Court was affirmed. This .suit in Chancery, had been continued from time to time, to await the decision in the Court of law; and at the May Term, 1855, of the Chancery Court, on final hearing, the complainant offered in evidence the record of the suit at law, which was objected to by the defendant upon the ground that it was an action of *255 trespass against Bullen, the Sheriff, for levying the execution on the slave, Mary, and that the defendant, Arnold, was not a party to said suit, and was, therefore, not bound by the record. The Chancellor sustained the objection upon the ground, “that no such suit as was contemplated by the order, (in Chancery,) had been instituted.” tie also held that the title to the slave was, at the date of the levy, vested in Joseph Davis, and dismissed the bill. To reverse which, an appeal is prosecuted to this Court.
When the complainant’s right to equitable relief, depends upon a legal title, the Chancellor, in a proper case, will retain the bill for a certain period, giving complainant, in the mean time, liberty to bring an action for the purpose of establishing his right at law, in order to found an equitable relief; in which cases the bill will stand dismissed, unless the action is brought within the time limited; further directions being reserved only in the event of a .trial taking place.
It may be laid down as a general rule, that wherever the foundation of a claim is a legal demand, and the question whether a new trial should or should not be had, can be discussed with more satisfaction in a Court of law than in a Court of Equity, the Court of Equity will adopt the course of directing an action; for an action at law differs from, an issue out of Chancery in this: In the former, the motion for a new trial must be made before the Court in which the action is brought, while in the latter, the motion must be made in the Court that directed the issue. In directing an action at law, the Court always directs it to be brought in such a form that the result shall be *256 regarded as conclusive.— 2 Daniel’s Chancery Practice, 762-3 — 4.
Where directions are given by the Chancellor to bring an action at law, as the action can only be between the parties who are interested in the legal estate, the Chancellor, for the protection of those who are equitably interested, will make it part of the order that they shall be at liberty* to attend the trial by counsel, and to make such defence as they think proper. The action at law is tried in the usual manner, and after verdict the cause in Chancery should be set down for further directions in the same manner as after the trial of an issue, and, in the meantime, no proceedings should be taken at law in consequence of the verdict, except moving for a new trial, &c. It is to be observed, however, that the hearing upon further directions is not the time when any mistake committed at the trial at law can be corrected.— 2 Daniel’s Ch. Pr., 785.
In the Chancellor’s order, retaining this cause “upon the docket,” “that the complainant may institute a suit at law to try the title to said slave in such manner as the same may be authorized by the forms of law,” he also ordered, that if complainant’s title is there established by a recovery in damages, or otherwise, that then complainant. will be entitled to the relief prayed for in his bill, but if said suit is not instituted before the next term of the Chancery Court, or if instituted, and the complainant’s title is not established by law, then his bill shall be dismissed. And now, the question is, was the complainant's title so established by the proceeding at law as to entitle him to relief; *257 or was the Chancellor correct in disregarding the verdict and judgment, and dismissing the bill? We have seen by the English practice, that the Chancellor is not bound by the verdict of a jury upon an issue out of Chancery, (which the Court of Law had no power to set aside,) but may disregard the same and find the fact for himself.
But on the trial of an action at law, to try the legal title, a very different rule prevails. There the Court of Law has the power to set the verdict aside and grant a new trial, but the Chancellor has no such power as a general rule. It is true, that upon a proper application, and proper case made out, a Court of Chancery has the power to set a verdict aside and grant a new trial at law, but no such question arises in this case.
But the question recurs, was defendant Arnold, who was not a party to the suit at law, concluded by the verdict and judgment in that proceeding? We think he was. When the Sheriff, Bullen, levied the execution of Gen. Arnold upon the slave, he was, in legal contemplation, the agent of Arnold, and the legal title was, by the levy, vested in him for Arnold’s use, arid the legal title, so far as any could be acquired by the levy, being in him, he was the proper person to sue to try that title. It is true, in a different form of action, Gen. Arnold might have been made a party, but the right of property could be, and we have no doubt, was, as fairly tried in the form of action adopted.— Bullen and Arnold were privies in estate. Suppose that, upon the recovery of this judgment against Bullen, he had moved for judgment over against Arnold upon *258 his bond of indemnity, could Arnold be heard to controvert the validity of the judgment against Bullen? We think not, unless upon a proper application, he could have shown that Bullen had fraudulently permitted the judgment to be recovered against him. — 1 GreenL Ev., § 189. Why does Arnold insist that he should have been made a party? The answer is, that he might have had an opportunity of managing the de-fence, of selecting his counsel, of taking the testimony, and cross-examining the witnesses, and appealing, if he thought proper. Were not all these ends subserved in the present case?
The same counsel who has managed this cause, appeared and managed the defence in the suit at law, and that suit, by agreement, was tried upon the identical proof, and no other than that, which was taken in this cause, by defendant himself, before the hearing. The defence seems to have been vigorous, and as often as the plaintiff obtained a verdict, the defendant procured it to be set aside, until the Court, under the provisions of the statute, could interpose no further, and then the defendant, Bullen, prosecuted an appeal to this Court, and had the whole proceeding reviewed, where the judgment was affirmed. From an -inspection of that record, we see• that the “legal title” under a proper charge of the law, was fairly submitted to the jury, and though we might not have found the facts as they did, but may think, as did the Chancellor, that the conveyance from Joseph Davis to his daughter was fraudulent, and that the slave was subject to be seized by the execution, yet we are at a loss to find authority upon which the Chancellor could, *259 as the case is presented, disregard the trial at law, refuse the relief which his former decree entitled the complainant to, in the event he succeeded at law, and dismiss his bill. It is insisted, however, that instead of detaining the cause, the Chancellor should, upon the hearing, have dismissed the bill and left the party to his remedy at law. That was a matter of discretion with the Chancellor, and from the view we take of the case, the defendant is not prejudiced by the course he adopted. Suppose the Chancellor had dismissed his bill and turned him over to his remedy at law, then he would have recovered his judgment at law as he has done, and the defendant would have been in no better situation than we place him; for, as it appears that complainant sold the slave as soon as he got her in his possession, thereby showing that he preferred her value to the slave herself, we think he should have brought his action at law at once, for it is by virtue of that decision alone, that we think him entitled to relief in this cause. Therefore, we reverse the decree of the Chancellor, dismissing the bill, and order a perpetual injunction restraining defendant Arnold from enforcing his levy upon the slave, and the complainant from enforcing his judgment at law, and that complainant pay the entire costs in this suit, and that defendant Arnold pay the costs of the suit at law.